E-FILED
Monday, 24 April, 2006  03:19:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRACEY TRIGILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-3241 |
| | ) | |
| DONALD N. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

The Defendants' Combined Motion and Brief to Strike or Exclude (d/e 22) is ALLOWED in part. The Plaintiff submitted an Affidavit in support of her response to the Defendants' Motion for Summary Judgment. <u>Memorandum of the Plaintiff, Tracey Trigillo, in Opposition to the Defendants' Motion for Summary Judgment (d/e 15)</u>, Exhibit 1, <u>Affidavit of Plaintiff, Tracey Trigillo (Affidavit)</u>. The Court will not consider those portions of the Affidavit that are not competent to oppose a motion for summary judgment. <u>Fed. R. Civ. P.</u> 56(e). The Court, however, will not strike the Affidavit completely.

Some of the Affidavit is not competent to oppose a motion for

1

summary judgment. For example, Trigillo states at least twice that she contacted CMS (Central Management Services) and was informed of something. <u>Affidavit</u>, ¶¶ 41, 47. The information that "CMS" told her is clearly hearsay and incompetent to support a motion for summary judgment. Elsewhere, she recounts what others told her. <u>E.g.</u>, <u>Affidavit</u>, ¶¶ 27, 36, 53, 55, 60, 66, 69, 70, 78, 94. The Court will not consider these statements for the truth of the matter asserted unless Trigillo has submitted sufficient evidence to establish their admissibility.

She also offers her opinions on whether her employer was complying with Illinois law. <u>E.g.</u>, <u>Affidavit</u>, ¶¶ 17, 20. She had not been qualified to testify as an expert witness; thus, the Court will not consider her opinions. Furthermore, the Court will not consider statements that amount to legal conclusions.

Trigillo also makes vague and conclusionary statements in the Affidavit. <u>E.g.</u>, <u>Affidavit</u>, ¶ 67 (Certain recommendations, "were not well received."). Self-serving conclusionary statements have little or no evidentiary value. The Court also will not consider any statements in the Affidavit that contradict her deposition testimony. With these limitations noted, the Court will consider the Affidavit in ruling on the pending Motion

for Summary Judgment.

THEREFORE, Defendants' Combined Motion and Brief to Strike or Exclude (d/e 22) is ALLOWED in part. The Court will not strike the entire Affidavit, but will not consider those portions that are not competent to oppose a summary judgment motion.

IT IS THEREFORE SO ORDERED.

ENTER: April 24, 2006.

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE